**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SHAUN WATSON, on behalf of himself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SUNRUN INC., SUNRUN INSTALLATION SERVICES INC., and JOHN DOES 1-25,<br><br>*Defendants*. | : | Civil Action No. |

**NOTICE OF REMOVAL TO FEDERAL COURT**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b) and 1446(b)-(c), Defendants Sunrun Inc. and Sunrun Installation Services Inc. (collectively "Defendants"), by and through their attorneys, Gordon Rees Scully Mansukhani, LLP, file this Notice of Removal for the above-captioned case, removing this case from the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-002633-25, to the United States District Court for the District of New Jersey. Defendants respectfully state as follows:

1. Plaintiffs Shaun Watson and all others similarly situated (collectively "Plaintiffs"), commenced the above-captioned purported class action on or around August 7, 2025, by filing a Complaint in the Superior Court of Camden County, New Jersey, entitled *Shaun Watson, et al. v. Sunrun Inc., et al.*, Docket No. CAM-L-002633-25.[1] The action is now pending in that Court.

[1] A copy of the Summons and Complaint has been attached as Exhibit 1.

**TIMELINESS OF NOTICE OF REMOVAL**

2. Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed," and pursuant to 28 U.S.C. § 1446(b), which provides that Notice of Removal "shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading."

3. Defendants file this Notice of Removal within thirty (30) days of the receipt of the Complaint.

4. On August 8, 2025, Plaintiffs effected service on Defendants' statutory agent, Corporation Service Company, Princeton South Corp. Center, Suite 160, 100 Charles Ewing Blvd., Ewing, NJ 08628. *See* Exhibit 1 at p. 1.

**REMOVAL BASED ON FEDERAL QUESTION**

5. The Action may be removed to this Court pursuant to 12 U.S.C. § 1331, over federal questions presented in the Plaintiffs' Complaint. Specifically, Plaintiffs' Complaint asserts causes of action premised on purported violations of the Truth in Lending Act ("TILA) (15 U.S.C. §§ 1601, *et seq.*) and Regulation Z (12 C.F.R. § 1026).[2]

6. The Complaint's remaining causes of action assert the following New Jersey state claims:

a. Violations of the New Jersey Consumer Fraud Act;[3]

b. Violations of the New Jersey Home Improvement Practices Act;[4]

c. Violations of the New Jersey Home Improvement Regulations (N.J.A.C. §§ 13:45A-16.1, *et seq.*);[5]

d. Breach of Contract;[6] and

---

[2] *See* Exhibit 1, Count 1.
[3] *See* Exhibit 1, Count 2.
[4] *See* Exhibit 1, Count 3.
[5] *See* Exhibit 1, Count 3.
[6] *See* Exhibit 1, Count 4.

e. Unjust Enrichment.[7]

7. To the extent each of the aforementioned causes of action is not based on a federal question, each is transactionally related to, and arises out of, the same common nucleus of operative fact as, the federal claims stated above and thus, each state law claim is subject to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), as being part of the same case or controversy.

**THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AND THE MATTER IN CONTROVERSY EXCEEDS THE SUM OR VALUE OF $75,000.00**

8. There exists complete diversity of citizenship between Plaintiffs and Defendants within the meaning of 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states."

9. In their Complaint, Plaintiffs allege actual damages, statutory damages, compensatory damages, treble damages, reasonable attorneys' fees and costs, disgorgement of all monies paid to Defendants, pre-judgment and/or post judgment interest, and such other further relief as Plaintiffs may be entitled or as the Court deems equitable and just. *See* Exhibit 1, pp. 15-16.

10. The disgorgement of all monies paid to Defendants, the implicated underlying contracts, actual damages, and treble damages exceed the sum or value of $75,000.00.

11. Per their Complaint, Plaintiff Shaun Watson resides in Camden County, New Jersey. Therefore, the Plaintiffs are citizens of New Jersey for purposes of 28 U.S.C. § 1332(a)(1).

12. Defendant Sunrun Inc. is incorporated in Delaware with a principal place of business in California. For purposes of 28 U.S.C. § 1332(a), Defendant Sunrun Inc. is a citizen of California. The Plaintiffs are not citizens of California.[8]

13. Defendant Sunrun Installation Services Inc. is incorporated in Delaware with a principal place of business in California. For purposes of 28 U.S.C. § 1332(a), Defendant Sunrun

[7] *See* Exhibit 1, Count 5.
[8] A copy of Sunrun Inc.'s filings with the New Jersey Secretary of State has been attached as Exhibit 2.

Installation Services Inc. is a citizen of California. The Plaintiffs are not citizens of California.[9]

14. Plaintiffs seek damages that exceed the sum or value of $75,000.00 in damages, plus interest, attorneys' fees and costs.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of New Jersey is the district within which the lawsuit is pending (Camden County).

16. Contemporaneous with the filing of this Notice of Removal, Defendants have given written notice to Plaintiffs and have filed a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Camden County.

17. In accordance with Local Rules, Defendants will file electronic copies of all documents filed in state court.

18. By filing this Notice of Removal, Defendants do not waive any rights or defenses, including the right to contest proper service of the Complaint, and expressly reserves all rights and defenses they may have with respect to Plaintiffs' action.

## CONCLUSION

19. Removal is proper as the causes of action are based on a federal question, there is diversity between the Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00. As such, Defendants respectfully request that this action be removed to this Court, that this Court accept jurisdiction over this action, and that this action be entered on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

DATED: September 8, 2025

[9] *See* Exhibit 1, ¶¶ 16-18; *see also* Defendants' Diversity Disclosure Statement filed concurrently.

Respectfully submitted,

**GORDON REES**
**SCULLY MANSUKHANI LLP**

*/s/ Justin Miklacki.*
Justin Miklacki, Esq. NJ Attorney ID #440642023
Gordon Rees Scully Mansukhani, LLP
290 West Mount Pleasant Avenue, Suite 3310
Livingston, NJ 07039
Office: 973-549-2500
Email: jmiklacki@grsm.com
***Attorneys for Defendants***
**Sunrun Inc., and**
**Sunrun Installation Services Inc.**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on September 8, 2025, the within **NOTICE OF REMOVAL** was filed electronically and will be served upon all counsel via email and the Court's filing system:

Joseph K. Jones, Esq.
Jones, Wolf & Kapasi, LLC.
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
jkj@legaljones.com

*Attorney for Plaintiffs*

*/s/ Justin Miklacki*
Justin Miklacki, Esq.